UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM CHARLES O'NEIL,

      Petitioner,

v.                                        Case No:  5:11-cv-476-Oc-38PRL

WARDEN, FCC COLEMAN -
MEDIUM,

      Respondent.
_____/

## OPINION AND ORDER[1]

Petitioner William Charles O'Neil (hereinafter "Petitioner" or "O'Neil") initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition). Petitioner attaches a memorandum (Doc. #2) in support of his Petition. The Petition challenges Petitioner's plea-based conviction entered in the United States District Court in the Southern District of Florida. See Petition at 2. Specifically, Petitioner asserts that there was a "fundamental defect in his sentencing" because the prior convictions of battery on a law enforcement officer, which were used to enhance his sentence under the Armed Career Criminal Act, no longer qualify as a crime of violence under Begay v. United States, 553

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

U.S. 137 (2010), Johnson v. United States, 559 U.S. 133 (2010), and Williams v. United States, 559 U.S. 989 (2010).  Petition at 3; Memorandum at 2-4.  As relief, Petitioner requests that the Court "immediately release" him.  Petition at 10.

Respondent filed a Response (Doc. #11, Response) moving to dismiss the Petition for lack of jurisdiction, *inter alia*, and attached supporting exhibits (Doc. #11-1-#11-6, Exhs. 1-6).  Petitioner filed a Reply (Doc. #13).  Pursuant to the Court's Order (Doc. #26), Respondent filed a supplemental Response (Doc. #27) and filed the Presentence Investigation Report ("PSR") under seal (Doc. #28).  Petitioner filed a supplemental Reply (Doc. #30).  This matter is ripe for review.[2]

## Procedural History

### A. Conviction and Direct Appeal

Petitioner was indicted in the Southern District of Florida of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count one); possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(e) (count two); and, distribution of cocaine, the use of which resulted in death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (count three), in case number 04-cr-80040-KLR-1 (hereinafter "Crim. Case Doc.").  Crim. Case Doc. #37.  Pursuant to a negotiated plea agreement in which Petitioner waived his right to appeal, Petitioner pled guilty to the firearm charges.  Crim. Case Doc. #75.  Petitioner admitted to the facts concerning his unlawful firearm possession and his prior convictions in both

---

[2] Also pending before the Court is Petitioner's motion for reconsideration of the Magistrate Judge's order denying his motion for bail (Doc. #25).  Because the Court finds the Petition subject to dismissal for lack of jurisdiction, Petitioner is clearly not entitled to release.  Petitioner's motion for reconsideration is due to be denied as moot.

the written plea agreement and orally at the change of plea hearing.  See Exh. 3 at 9 (plea transcript); Exh. 4 at 4 (supplemental report from Magistrate Judge recommending denial of section 2255 motion).   Petitioner's prior convictions arose in Miami-Dade County, Florida and include the following:

    1.  Case Number F89-10306, battery on a law enforcement officer and resisting an officer with violence;

    2.  Case Number F89-35679, resisting an officer with violence; battery on a law enforcement officer; and corruption by threat against a public servant;

    3.  Case Number F90-21935, felony possession of cocaine; battery on a law enforcement officer; and resisting an officer with violence;

    4.  Case Number F91-35817, aggravated battery with a deadly weapon; and

    5.  Case Number F91-42216, felony possession of cocaine.

Exh. 3 at 9; Exh. 4; See Doc. #29 at ¶28, ¶¶32-51 (copy of PSR filed under seal). Petitioner did not object to the PSR, which recommended Petitioner be sentenced pursuant to the ACCA.  Exh. 5.  At the sentencing hearing, the district court considered as relevant conduct, the facts and victim impact evidence related to the death of the young woman who died in Petitioner's company while using cocaine he had provided her.  Id. at 7-22.  The district court sentenced Petitioner to 240-months imprisonment.  Id. at 29.

    **B.  Collateral Relief**

On January 13, 2009, Petitioner filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255 (assigned case number 9:09-cv-80048-KLR, hereinafter referred to as CV Doc.).  See Exh. 2.  Petitioner argued that his trial counsel rendered ineffective assistance for failing to file an appeal and for failing to challenge his designation as an

Armed Career Criminal. See CV Doc. #30; Exh. 4 at 4. After full briefing and an evidentiary hearing, a magistrate judge issued a report and recommendation finding that all of Petitioner's claims should be denied as time-barred and/or on their merits. See CV Doc.; Exh. 4. Petitioner moved for reconsideration in light of Johnson v. United States, 130 S.Ct. 1265 (2010). CV Doc. #31, #32. After additional briefing, the magistrate judge issued a supplemental report and recommendation rejecting Petitioner's additional arguments and again recommending that Petitioner's § 2255 petition be denied. See generally CV Doc; Exh. 4 at 17-30. In pertinent part, the magistrate judge wrote:

> Nothwithstanding the movant's contentions, neither *Begay* nor its progeny, including *Johnson* are applicable to the movant's claim as he nevertheless has the prior qualifying convictions in which to substantiate his armed career criminal status. As may be recalled, in both the plea agreement (Cr-DE#73) and during the change of plea hearing (Cv-DE#8, Exh.2:9), the movant conceded the following four convictions for purposes of U.S.S.G. § 4B1.4: (1) battery on a law enforcement officer in violation of Fla. Stat. § 784.03 & 784.07 and resisting an officer with violence to his person, in violation of Fla. Stat. § 843.01 (see docket no. F89-10306); (2) resisting an officer with violence to his person, in violation of Fla. Stat. § 843.01, two counts of battery on a law enforcement officer, in violation of Fla. Stat. §§ 784.03 & 784.07, corruption by threat against a public servant in violation of Fla. Stat. § 838.021 and criminal mischief, in violation of Fla. Stat. § 806.12 (see docket no. F89-35679); (3) possession of cocaine, in violation of Fla. Stat. § 893.13(1)(f), battery on a law enforcement officer, in violation of Fla. Stat. § 784.07(2)(b), and resisting an officer with violence to his person, in violation of Fla. Stat. § 843.01 (see docket no. F90-21935); and (4) aggravated battery, in violation of Fla. Stat. § 784.045(1)(a)(2) (see docket number F91-35817). (See PSI ¶28).
>
> As is evident from the foregoing, in each of the cases where the movant was convicted of battery on a law enforcement officer, he was also convicted of resisting an officer with violence to his person, in violation of Fla. Stat. § 843.01, which despite the *Johnson* decision, continues to be a violent felony for ACCA purposes. *See United States v. Jackson*, 355 F.

> App'x 297 (11th Cir. 2009); see also United States v. Venta, 255 F. App'x 469 (11th Cir. 2007).

Exh. 4 at 27-30. Petitioner objected to the magistrate judge's report and recommendation, arguing that the judge improperly relied on facts in the plea agreement and elsewhere rather than constraining himself to the PSR. CV Doc. #53. After additional briefing, the district court judge overruled Petitioner's objections and adopted the supplemental report and recommendation on December 1, 2010. CV Doc. #65. Petitioner filed a notice of appeal/motion for certificate of appealability, which the district court denied on December 1, 2010. CV Docs. #66-#67, #68. Petitioner then sought a certificate of appealability in the Eleventh Circuit, which was denied on April 21, 2011. CV Doc. #74. Petitioner also filed a petition for writ of certiorari with the United States Supreme Court on October 24, 2011.[3] Exh. 6. The United States Supreme Court denied certiorari on April 2, 2012. See Case No. 11-7140.

### C. Current § 2241 Petition

As set forth above, the instant Petition was filed on August 10, 2011. The Petition raises the following four grounds challenging his sentence under ACCA: (1) "fundamental defect in my sentence"; (2) "flat ineligibility of his ACCA enhancement"; (3) "illegal detention"; and, (4) "due process violation by imposition of a sentence above the otherwise applicable guidelines." See generally Petition.

In Response, Respondent argues that Petitioner raised these identical arguments in his § 2255 motion and the United States District Court in the Southern District of Florida rejected Petitioner's arguments on the merits. Response at 3. Respondent asserts that

---

[3] Petitioner failed to mention that a petition for writ of certiorari was pending when he initiated the instant § 2241 Petition. See Petition.

because Petitioner has already had the merits of these claims reviewed by a district court, it is improper for him to file the instant Petition under the saving's clause "simply in hope of finding a forum that is less likely to unearth his misrepresentations." Id. at 3. Respondent argues that § 2255 was not insufficient to test the legality of Petitioner's detention; and, therefore, the instant § 2241 Petition must be dismissed for lack of jurisdiction. Id.

In Reply, Petitioner asserts that his § 2255 was denied in part as time-barred, and only a portion denied on the merits. Supplemental Reply at 1. Petitioner argues that he was previously foreclosed from raising these arguments that battery on a law enforcement officer did not constitute a violent felony for purposes of the ACCA based on Glover v. United States, 431 F.3d 744 (2005), and that Johnson and Begay are retroactive, applicable cases. Id. at 3. Petitioner also asserts that the probation office only referred to battery on a law enforcement officer as his prior qualifying convictions to enhance under the ACCA and did not refer to any resisting arrest with violence convictions, which happened in conjunction with his battery on a law enforcement convictions. Id. at 5-6. Thus, Petitioner argues that his resisting arrest with violence convictions now cannot be used to enhance his sentence under the ACCA. Id.

**Analysis**

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28

U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241.[4] According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999); Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013); Chester v. Warden, ____ F. App'x ____, 2014 WL 104150 (11th Cir. 2014). A prisoner may not use the savings clause to circumvent the restrictions on filing a second or successive § 2255 motion. Wofford, 177 F.3d at 1245. Rather, where, as here, a petitioner challenges a "fundamental defect in sentencing," he must show the following to establish that § 2255 was inadequate or ineffective to test the legality of his detention: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review;

---

[4] Petitioner's previous § 2255 motion was denied by the district court that imposed his sentence. Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby, 405 F.3d at 945 ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). Thus, Petitioner's only available avenue for collateral relief in a § 2241 petition is through the savings clause.

(4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. See Bryant, 738 F.3d at 1274 (synthesizing the saving's clause tests discussed in Wofford, 177 F.3d 1236; and Williams, 713 F.2d at 1343). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC-Coleman, 538 F. App'x 850 (11th Cir. 2013)("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.").

Of significance in this case is the fact that the very arguments Petitioner raises *sub judice,* challenging the district court's use of his prior convictions for battery on a law enforcement officer to impose an enhanced sentence under the ACCA, were raised in Petitioner's untimely § 2255 and rejected on the merits by the district court that imposed Petitioner's sentence. See supra at pp. 4-5; see also Exh. 4. As noted by the Eleventh Circuit Court of Appeals in Williams,

> Congress expressed its clear intent to impose a jurisdictional limitation on a federal court's ability to grant a habeas petitioner what is effective a third bite at the apple after failing to obtain relief on direct appeal or in his first postconviction proceeding. The savings clause states that a § 2241 habeas petition "*shall not be entertained* . . . unless it . . . appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e)(emphasis added). Based on the text alone, which speaks in imperative terms of what class of cases the district court has *power* to hear, not what the petitioner himself must allege or prove in order to state a claim, we are compelled to conclude that the savings clause is a limitation on jurisdiction. It commands the district court not to "entertain[]" a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances where the petitioner's first motion was "inadequate" or "ineffective" to test his claim.

Williams, 713 F.3d at 1338.  Because Petitioner raised essentially the same claims *sub judice* in his § 2255 motion, Petitioner was not "squarely foreclosed" throughout his sentencing, direct appeal, and his first § 2255 proceeding.  Bryant, 738 F.3d at 1274. To proceed under the saving's clause, "[t]he issue is whether the movant had a procedural opportunity to raise his § 924(e) claim in an "adequate and effective" fashion.  Id. at 1282 (emphasis in original).  Section 2255 is not "inadequate or ineffective" simply because a petitioner was unsuccessful when he first applied for relief or because another court later believes the first decision was wrong.  Id. at 1289; Williams, 713 F.3d at 1348, n. 7. Therefore, because Petitioner had an adequate opportunity to raise his claims in his first § 2255 motion, the instant § 2241 Petition constitutes a successive petition and must be dismissed for lack of jurisdiction.

Even if the Court did have jurisdiction under the savings clause to address the merits of the instant Petition, Petitioner would fare no better for the reasons set forth in the district court's order denying the claim for relief on the merits in Petitioner's § 2255 motion.  See Exh. 4 at 30-31 (finding that in addition to battery on a law enforcement officer, Petitioner was simultaneously convicted of resisting arrest with violence, which continues a violent felony for ACCA purposes citing United States v. Jackson, 355 F. App'x 297 (11th Cir. 2009); United States v. Venta, 255 F. App'x 469 (11th Cir. 2007)). Petitioner's contentions that the other convictions were not listed in the PSR is not accurate as evidenced by the record.  See Doc. #28.  Additionally, Petitioner's argument that the district court erred when relying on the resisting arrest with violence conviction to support the ACCA enhancement is unavailing.  See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328 (11th Cir. 2013)(noting that Johnson found battery on a law

enforcement officer was not categorically a crime of violence under the "elements" clause of the ACCA, but found battery on a law enforcement officer did constitute a crime of violence under the ACCA using a "modified categorical approach," which involved looking at the undisputed facts in the PSR showing the convictions stemmed from the petitioner's fleeing from officers, resisting arrest, and pushed an officer against a wall, and under the residual clause.); see also James v. Warden, 550 F. App'x 835 (11th Cir. 2013)(affirming district court's denial of a § 2241 petition filed under the saving's clause when record revealed other prior violent felony convictions that could have properly enhanced the petitioner's sentence under the ACCA).   Moreover, in the wake of Johnson, the Eleventh Circuit has held multiple times that § 843.01 falls squarely within the residual clause and constitutes a violent felony for purposes of the ACCA.  See e.g., United States v. Nix, 628 F.3d 1341 (11th Cir. 2010), cert. denied, ___ U.S. ___, 132 S.Ct. 258, 181 L.Ed.2d 150 (2011); United States v. Hayes, 409 F. App'x 277 (11th Cir. 2010), cert. denied, ___ U.S. ___, 132 S.Ct. 125, 181 L.Ed.2d 47 (2011).   Relying on both "common-sense analysis," and the "plain language of the statute," the court found that "[c]ommission of the crime requires . . . that the defendant have knowingly and willfully resisted, obstructed, or opposed an officer by offering or doing violence to the person of that officer."  Hayes, 409 F. App'x at 279 (internal citations omitted) (emphasis in original).  See also, United States v. Canty, 431 F. App'x 826 (11th Cir. 2011), cert. denied, ___ U.S. ___, 132 S.Ct. 532, 181 L.Ed.2d 373 (2011)(finding that § 843.01 falls squarely within the ACCA's residual clause).

    ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition ([Doc. #1](Doc. #1)) is **DISMISSED** for lack of jurisdiction.

2. Petitioner's motion for reconsideration ([Doc. #25](Doc. #25)) is **DENIED** as moot.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of June, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record